### JOHN HOLLINGSWORTH, ET AL., *v.* JAMES J. KENNEDY.

**Lien for Purchase Money—Averments in Petition.**

> In a suit to enforce a lien for unpaid purchase money the vendor must set out the contract of sale, and when he has covenanted to make a good title he must aver that he is the holder of the legal title and is ready and willing to convey, and offer to do so.

#### APPEAL FROM CARTER CIRCUIT COURT.

October 12, 1877.

OPINION BY JUDGE ELLIOTT:

The appellee exhibited no such title in this case as the appellants should be required to take. He neither avers nor proves that he has the legal title to the land, nor does he set out the contract between him and appellee.

In a suit to enforce his lien for unpaid purchase money it is the duty of the vendor to set out the contract of sale, and when he has covenanted to make a good title it is his duty to aver that he is the legal title holder and is ready and willing to convey, and offer to do so. The denial by the appellants that appellee had the legal title would perhaps excuse him from an offer to convey, but it is no excuse for his failure to allege that he was the holder of the legal title and was ready to convey according to the contract.

The defendant charged that the legal title was in N. Dawson and Thompson Ward's heirs. The appellant exhibits no title except the title of Toliver. He should have shown either that he had the legal title or that the land had been granted by the state, and that he and those under whom he claimed had been in the adverse possession for

a length of time sufficient to bar the right of entry of any adverse claimant. This he has not done.

Wherefore the judgment is *reversed* and cause remanded with permission for appellee to amend his petition should he ask to do so in a reasonable time, and for further proceedings consistent with this opinion.

*R. D. Davis, for appellants.*